CHASE KIMBALL (4993)
**THE LAW OFFICES OF RANDAL L. MEEK, P.C.**
935 East 7220 South, Suite D-100
Midvale, Utah  84047
Telephone:  (801) 566-8118

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * *
*
| | |
|---|---|
| AMBER RACE, | COMPLAINT |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | Judge Dee Benson<br>DECK TYPE: Civil<br>DATE STAMP: 07/27/2004 @ 15:51:38<br>CASE NUMBER: 2:04CV00685 DB |
| Defendant. | |

* *

COMES NOW THE PLAINTIFF, and complains of the defendant as follows:

### JURISDICTION AND VENUE

1. Venue is proper in this Court pursuant to 28 USC §1402(b), as the accident which is the res of this matter occurred in Salt Lake County, which is with the State of Utah wherein this court sits.

2. Jurisdiction is proper in this Court pursuant to 28 USC §1346(b).  This is an action pursuant to the Federal Tort Claims Act (FTCA), and pursuant to said statute this court has original jurisdiction over all actions against this defendant for negligence and personal injury.

3. Plaintiff has exhausted the administrative remedies of the FTCA against the Federal Emergency Management Agency (FEMA), see attached Exhibit A for their rejection of her demands.

### PARTY IDENTIFICATION

4. Plaintiff is domiciled in Juab County, State of Utah.

5. Defendant United States of America was the employer of one Benny Edward Nixon (Nixon) at the time of the accident, and the named defendant is responsible for the actions of Nixon pursuant to common-law principles recognized in Utah like respondeat superior, and the various provisions of the FTCA and FEMA.

### NATURE OF THE CASE

6. On 23 February 2002 at about 9:30 a.m. plaintiff was driving north in her vehicle on Camp Williams Road in Salt Lake County.

7. Camp Williams is an installation of the U.S. military, and Nixon was temporarily assigned to Camp Williams by FEMA.

8. Nixon was driving a truck as part of a convoy leaving Camp Williams, and was directed out into the road by a military policeman.

9. Plaintiff had no chance to stop when Nixon pulled out in front of her, and an accident occurred.

10. Pursuant to common law and the laws of Utah, the negligence of Nixon is actionable, since but for his negligence in pulling into the road without a proper lookout, plaintiff would not have been injured.

## FIRST CAUSE OF ACTION
(negligence)

11. Plaintiff hereby incorporates the above paragraphs.

12. Nixon was at all times the driver of a truck, while in the service of and under the direction of defendant.

13. Nixon failed to properly control his vehicle, causing an accident with plaintiff.

14. Nixon had a duty to operate the vehicle in a safe manner.

15. Nixon breached this duty by causing an accident with plaintiff.

16. As a direct and proximate result of the negligent conduct of defendant, plaintiff has been seriously injured, and her vehicle was damaged. Plaintiff has permanent partial impairment due to injuries. Plaintiff will have further general and special damages for future medical expenses which are currently unknown, lost wages, pain and suffering from her injuries and other damages all incident to the accident and the consequent permanent impairment.

17. Plaintiff is entitled to a judgment against the defendant for damages of $50,000.

## PRAYER

WHEREFORE, plaintiff prays for relief as follows:

1. For a judgment in accordance with the cause of action as enumerated above.

2. For such other and further relief as to this Court seems just.

DATED this _22_ day of July, 2004.

_____
Chase Kimball
Attorney for Plaintiff

4

Department of Homeland Security
\_ \_ \_ C Street, SW
Washington, DC 20472


FEMA

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED

February 13, 2004

Chase Kimball, Esq.
Randal L. Meek, P.C.
935 East 7220 South, D-100
Midvale, UT 84047

RE:  Administrative tort claim - Amber Sweat (Race) – 02-0019C

Dear Mr. Kimball,

I have reviewed the administrative tort claim, which you presented to the Federal Emergency Management Agency (FEMA), dated October 15, 2003, that was received to this office on November 24, 2003, for a determination on behalf of your client Amber Sweat (Race).

Your bodily injury claim seeks damage under the Federal Tort Claims Act (FTCA), 28 C.F.R. § 11.14 (c), against FEMA in the amount of $50,000.00, for a loss that occurred on February 23, 2002 on Camp Williams Road, Salt Lake City, UT.

In order to recover damages, a claimant must show negligence or a wrongful act or omission on the part of a FEMA federal employee acting within the scope of employment. I have reviewed the material you have submitted and have considered the pertinent circumstances. We sent a letter to your attention on January 7, 2004 requesting additional information. A response has not been received to date. Because there is insufficient evidence of negligence on the part of any federal employee, your claim must be, and hereby is, denied.

I am required by law (44 C.F.R. § 11.18 (a)) to inform you that if you are dissatisfied with this determination, you may file suit in an appropriate United States District Court not later than six months after the date of mailing of this notification of denial. (28 U.S.C. § 2401 (b)).

Sincerely,

Robert S. Brock
Associate General Counsel

cc:  Primax Recoveries Incorporated

**EXHIBIT A**

www.fema.gov